IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FRANCIS GERALD HALL,           )
                               )
     Plaintiff,                )
                               )
                               )
v.                             ) Civil Action No. 1:13-cv-689
                               )
                               )
SHAWN R. EFIMENCO,             )
                               )
     Defendant.                )
                               )
                               )

### MEMORANDUM OPINION

THIS MATTER comes before the Court on Shawn R. Efimenco's ("Defendant's") Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. Plaintiff Francis Gerald Hall, ("Plaintiff") brings an action alleging the seizure of his person in violation of the Fourth Amendment to the United States Constitution.

On March 27, 2011, Defendant – a Deputy Sheriff with the Stafford County, Virginia Sheriff's Office – stopped the Plaintiff for speeding during the course of Defendant's traffic duty. Plaintiff asked Defendant not to issue him a speeding ticket out of "professional courtesy": Plaintiff then represented that he was a Fire Marshal with Fairfax and Stafford Counties. Plaintiff produced a pass evincing his status as a firefighter but not as a fire marshal. Defendant did not write

the Plaintiff a speeding ticket, but remained suspicious of Plaintiff's failure to produce fire marshal credentials. Defendant subsequently contacted Jason Smith, Stafford County Fire Marshal, to investigate the Plaintiff's status.

Marshal Smith informed Defendant that Plaintiff was not a fire marshal with Stafford County, serving only as a volunteer firefighter. Marshal Smith then spoke with Chief Deputy Baker of the Fairfax County Fire Department to inquire about Plaintiff's status there. Chief Deputy Baker noted only that Plaintiff was an Inspector, and one who lacked arrest powers that can indicate marshal status. Cf. Va. Code. § 27-34.2. Marshal Smith relayed these findings to Defendant while he twice-reviewed the video recording of Plaintiff's traffic stop to confirm Plaintiff's representation.

Defendant inquired from Stafford County Assistant Commonwealth's Attorney Ed Lustig whether these facts constituted probable cause to arrest Plaintiff for violating Va. Code § 18.2-174.1, willful impersonation of a Fire Marshal with the intent to make another believe he was such a public safety personnel. Based on the information Defendant provided, Commonwealth's Attorney Lustig asserted that such probable cause existed. Defendant accordingly sought an arrest warrant, which was effectuated with Plaintiff's arrest on June 8, 2011.

Plaintiff, who is in fact a Fire Marshal with Fairfax County, appeared in court on this charge. The Commonwealth's Attorney dismissed the charge and the arrest warrant and record were expunged by order of the Stafford County Circuit Court. He then filed this instant lawsuit on June 6, 2013, alleging that he was seized without probable cause in violation of the U.S. Constitution's Fourth Amendment. Defendant filed his Motion for Summary Judgment on January 24, 2014.

Summary judgment is required when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "The burden of the moving party . . . may be discharged by simply pointing out 'that there is an absence of evidence to support the nonmoving party's case.'" Carr v. Deeds, 453 F.3d 593, 608 (4th Cir. 2006)(quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

While the Court must construe all reasonable inferences in favor of the party not moving for summary judgment, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), the mere existence of some disputed facts does not merit a trial; rather, such facts must be material to properly resolving the case with a jury. See Thompson Everett, Inc. v. Nat'l Cable Adver., L.P., 57 F.3d 1317, 1323 (4th Cir. 1995).

Plaintiff's sole allegation is that "Defendant . . . acting under color of state law, violated Plaintiff's rights to be free from unreasonable seizure and prosecution without probable cause in violation of the [Fourth] and [Fourteenth] Amendments to the United States Constitution." The Fourth Amendment, made applicable against the states via the Fourteenth Amendment, prohibits unreasonable seizures, and there is no question that an arrest satisfies the Fourth Amendment seizure analysis, see, e.g., Brendlin v. California, 551 U.S. 249, 254-55 (2007). Also, it is clear that an arrest without probable cause is always an unreasonable seizure. See, e.g., Henry v. United States, 361 U.S. 98, 100-01 (1959). Thus the relevant question here is whether Defendant possessed the probable cause to arrest Plaintiff for willfully misrepresenting himself as a fire marshal.

Probable cause to arrest exists when the facts and circumstances – of which an officer has personal knowledge and reliably trustworthy information – sufficiently warrant a reasonable person to believe that a crime has been committed and the individual targeted for arrest committed it. Brinegar v. United States, 338 U.S. 160, 175-76 (1949). Not only does the standard allow the officer's belief to be reasonable but also wrong, it clearly "does not demand any showing that such a belief be . . . more likely true than false." See Texas v.

Brown, 460 U.S. 730, 742 (1983) (emphasis added). Accordingly, if an officer is obtaining a warrant to arrest, he is liable for an unconstitutional seizure if he "deliberately or with reckless disregard for the truth makes material false statements or omits material facts" in furtherance of the warrant. Miller v. Prince George's County, Md., 475 F.3d 621, 631 (4th Cir. 2007).

Here, there is no genuine dispute over whether the Defendant possessed probable cause to arrest Plaintiff for willful misrepresentation. Plaintiff did not produce fire marshal credentials when Defendant pulled him over, despite representing himself as one. The transcript of the traffic stop reveals that Plaintiff said "I work[] for the fire department." When the Defendant asked him where, the Plaintiff replied "Stafford and Fairfax County, I'm a fire marshal, that's my position." When Defendant's inquires with Marshal Smith confirmed that Plaintiff was not a Stafford County fire marshal, he possessed a good-faith basis to believe Plaintiff willfully misrepresented himself, both because of his interaction with Plaintiff at the traffic stop and Marshal Smith's reliable knowledge. Defendant then, understandably, approached Plaintiff's representation as to his role in Fairfax County with suspicion.

Plaintiff finds no genuine dispute in the facts. Much of Plaintiff's argument amounts to questioning the adequacy of

Defendant's investigation. Plaintiff's suggests that Defendant should have specifically asked where Plaintiff's marshal credentials were at the stop rather than simply for them, and that Defendant didn't follow his department's procedure for taking investigative notes. As to the latter argument, Defendant's adherence to internal department policies is immaterial in determining probable cause. Cf. Va. Ry. & Power Co. v. Godsey, 117 Va. 167, 168, 83 S.E.2d 1072, 1073 (1915) ("[W]hether a given course of conduct is negligent, or the exercise of reasonable care, must be determined by the standard fixed by law, without regard to any private rules of the party."); Pullen v. Nickens, 226 Va. 342, 350, 310 S.E.2d 452, 457 (1983) (affirming Godsey). The probable cause inquiry does not require a showing that the Defendant engaged in investigative tactics that the Plaintiff regards as best (or better) practices towards discovering the truth. Cf. Brown, 460 U.S. at 742. The inquiry is whether, as an objective matter, the officer had a reasonably trustworthy basis to believe that a crime had been committed and, here, that Plaintiff committed it. See Brinegar, 338 U.S. at 175-76.

Defendant possessed a good-faith basis to believe Plaintiff was not a Fairfax County fire marshal. Defendant was already suspicious of Plaintiff after it became clear that he misrepresented his marshal status in Stafford County. When

Marshal Smith then relayed to Defendant that Chief Deputy Baker did not confirm that Plaintiff was a fire marshal, and said that he lacked arrest powers, Defendant possessed a reliable basis to believe that Plaintiff misrepresented himself as to Fairfax County too.

Plaintiff attempts to make much out of Chief Deputy Baker merely not confirming his fire marshal status - as opposed to affirmatively disputing Plaintiff's claim. Yet Marshal Smith stated at his deposition that Chief Deputy Baker never told him Plaintiff was "an actual fire marshal," relaying instead that Plaintiff was an Inspector who lacked the arrest powers that can indicate fire-marshal status. From this information, in conjunction with Defendant's prior interaction with Plaintiff, Defendant had no basis to think Plaintiff was a fire marshal in Fairfax County. Defendant's belief was concurred to by Commonwealth's Attorney Lustig and verified by a Magistrate. Defendant's probable cause to arrest Plaintiff was thus sound and Plaintiff cannot make a showing of materially false representations on Defendant's part when obtaining the warrant. Additionally, while this is not a "doubtful or marginal case[]" of probable cause, even those "should be largely determined by the preference to be accorded to warrants." See United States v. Ventresca, 380 U.S. 102, 109 (1965). Defendant's warrant to arrest contained probable cause.

"Qualified immunity is 'an entitlement not to stand trial or face other burdens of litigation.'" Saucier v. Katz, 533 U.S. 194, 200 (2001) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). It is thus lost if a case "is erroneously permitted to go to trial," Saucier, 533 U.S. at 200-01, and is unwarranted if the Plaintiff establishes that the Defendant violated a clearly established right, see Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080 (2011) (quotations omitted). The analysis's "relevant, dispositive inquiry" is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." See Saucier, 533 U.S. at 202. The legitimacy of Defendant's probable cause precludes such a finding even if his belief as to Plaintiff's Fairfax County status was wrong. See Merchant v. Bauer, 677 F.3d 656, 661 (4th Cir. 2012) ("The doctrine of qualified immunity protects police officers and public officials from claims of constitutional violations for reasonable mistakes as to the legality of their actions.") (quotations and citations omitted). Defendant is thus entitled to qualified immunity and this case should not proceed to trial.

An appropriate order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
February 21, 2014